No. 13,654.

LEONARD S. FRERE ET AL. VS. HAM'LTON DEROUEN.

SYLLABUS.

In a petitory action, where the plaintiff claims a small tract of land, which, as a fact, forms a part of a large plantation, and appears to have been so considered for nearly thirty years, during which the plantation has changed hands several times, such plaintiff, in order to recover, must identify the tract claimed by him and must show, affirmatively, that it could not reason· ably have been included in the description whereby the plantation was sold. Otherwise, the defendant in such action is entitled to the benefit of the doubt.

APPEAL from the Nineteenth Judicial District, Parish of Iberia— *Hacker, Judge ad hoc.*

*Broussard, Dulaney & Dunbar* for Plaintiff, Appellant.

*Todd & Davis* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. This is a petitory action brought by Leonard S. Frere and Leopold Smith, as heirs of Leonard J. Smith, deceased, to recover two tracts of land, situated in the parish of Iberia, now in possession of the defendant; the one tract being described as thirty acres, included in the "Parc Perdu Plantation," and the other tract, as lots 3, 4, 9, 10 and 11, Section 3, Township 12, S. Range 5 E., containing 58 60-100 acres. It is admitted that the title of the defendant to the thirty acre tract is good. The court is, therefore, called upon to determine only as to the title to the tract secondly described.

The defendant sets up title by purchase and pleads the prescription of ten years, *acquirendi causa.*

The following evidence appears in the transcript, viz:

1. An act of sale, of date April 18, 1857, from Philip Hickey and the heirs of Anna Hickey, his wife, to Leonard J. Smith, of certain land described as lying on the northeast side of Bayou Parc Perdu, in Townships 11 and 12, South, Range 5 East, originally granted to Pierre Petit, and measuring twenty arpents front on the bayou by forty arpents in depth; also thirty acres, to be selected by the vendee from a

tract owned by the vendor lying on the southwest side of said Bayou Parc Perdu in said townships 11 and 12, originally granted to Pierre Petit, and measuring thirty arpents front by, eighty in depth.

2. An act of sale, from Joseph N. Young to Leonard J. Smith, of date Jan. 8th, 1866, of a "certain tract of land or plantation * * * " known as the 'Parc Perdu Plantation', containing 3000 arpents of " land, more or less, bounded, North, by lands of Emile Stout and " others; East, by Victorin Romero, L. J. Smith and public lands; " South, by Francis Segura; and West, by public lands * * * be- " ing the same acquired from Philip Hickey and the heirs of * * * " his wife * * * on the 4th day of March, 1859 * * * and " being the same upon which the vendor now resides".

3. An act of sale, of the same date as the above, and from the same to the same, of "a certain tract of land adjoining the Parc Perdu " Plantation * * * on the West side of the Petit Anse Bayou, and " containing 93 acres, more or less, being the same acquired from John " Rykosky in 1860."

4. An act of sale, of date April 9th, 1870, from William Robertson, Testamentary Executor of Leonard J. Smith, deceased, (confirming an adjudication of April 6th, 1870), to John Bilingslea and H. J. Souder of the Parc Perdu Plantation, and the 93 acre tract, both as hereinbefore described.

In this connection, it may be remarked that the *proces verbal* of the auctioneer, contains the following recital, to-wit: "I, J. Narcisse Landry, auctioneer, * * * duly authorized and empowered by the " aforementioned commission to sell * * * all the property be- " longing to the succession of Leonard J. Smith, deceased."

It further appears that the property as thus acquired by Billingslea and Souder passed through different hands, and was purchased by David Sandoz, March 10, 1877, and that, Sandoz dying, it was inherited by his daughter, Mrs. Duchamp, who sold it, April 10, 1896, to the present defendant. In this last sale the parties seem to have gone out of the way, for reasons which are not apparent, to add something to the description by which the title had previously passed, though, with the exception of fifty arpents, which had been conveyed to one Hulin, in 1891, we think it reasonably certain that the property sold was the same as that which had been adjudicated in the succession of Leonard J. Smith in 1870.

The description referred to is as follows, to-wit:

" The Parc Perdu Plantation, situated on Bayou Parc Perdu in
" Iberia Parish, * * * being section 43, in township 11, S. R. 5,
" East, (less fifty arpents sold in 1891 to Hulin and others * * *)
" said plantation consisting further of sections 38 and 39, entire, in
" township 12, South Range 5 East, containing about three thousand
" arpents; also fractional section 4, Township 12, South, Range 5 East,
" confirmed to John J. Smith by certificate No. 7097, comprising 93
" acres, adjoining the aforementioned section No. 38 on the North; and
" also lots 3, 4, 9, 10 and 11, section 3, T. 12, S. R. 5 East, adjoining
" section 4 mentioned, containing 58 60-100 acres, as per patent to
" Leonard J. Smith, March 4th, 1858, from the State of Louisiana, No.
" 5285, held by Mrs. Duchamp, vendor, and herewith delivered; the
" land described in the first three sections 48 T. 11 and 38 T. 12, all
" Range 5, being covered by the original confirmations to Pierre Petit
" as per Nos. B1966 and B2070 of the American State Papers; said
" various tracts containing three thousand one hundred sixty-three
" 25-100 (3163.25) arpents of land, acquired by vendor by inheritance
" as sole heir of her father, David Sandoz, deceased."

The foregoing (which is transcribed literally, errors of punctuation,
etc., included) contains the only reference which we find in the evi-
dence to the particular tract which is the subject of this litigation.
There is an absolute failure to identify the lots which are claimed by
the plaintiffs; and as we assume that the map found in the record is
the best that can be done in that direction, it would seem to follow that
the plaintiffs would take nothing even if they had judgment for said
lots according to the prayer of their petition. The evidence does show,
however, as we think, and as the judge *a quo* thought, that the lots in
question as incorporated in section 3, T. 12, S. R. 5 E., have been
merged for more than thirty years into the Parc Perdu Plantation and
were thus sold in the succession of Leonard J. Smith, in 1870.

It will be observed that the sale in the succession of Leonard J.
Smith was made under an order to sell *all the property* belonging to the
succession, and was a sale of the Parc Perdu Plantation, containing
three thousand arpents of land, more or less, between designated boun-
daries; in other words, a sale *per aversionem*. The evidence, such as it
is, does not inform us that the lots here claimed are not within that
description; on the contrary, we understand that, as a fact, the section
3, (within which said lots are supposed to exist, and which is distin-
guished on the map filed in evidence, though the lots are not), forms

part of the continuous body of land, under the same fence, which is known and dealt with as the Parc Perdu Plantation.

It is true that the *proces verbal* of the auctioneer adds to the description, as given above, the statement, "The plantation * * * herein " conveyed being the same acquired by the late Leonard J. Smith from " Joseph N. Young, per act of sale before William Robertson, notary, " on the 8th of January, 1866," etc. And it is suggested that this language controls the description, and that no other property passed under the title, as made, than such as had been acquired from Young. To which it is added that the 58 acres in controversy were acquired by Smith, in 1858, from the State of Louisiana, and hence, could not have been acquired by him from Young in 1866, as part of the Parc Perdu Plantation.

These conclusions, we think, would be entitled to more serious consideration if the plaintiffs had identified the tract which they are claiming, but they have not done so, and we are not prepared to hold, from any evidence before us, that said tract is not included in the description by which Smith purchased from Young, notwithstanding the alleged previous acquisition from the State. Assuming that it is included in Section 3, as represented upon the map which we find in the record, it could, naturally and geographically, form part of a plantation made up of the Pierre Petit tract, and we entertain no doubt that it did form part of the Parc Perdu Plantation as made up of that tract and as owned by plaintiffs' ancestor, Leonard J. Smith, and that it was believed to have been included in the sale of that plantation at the instance of Smith's executor. The case is one, which, from any point of view, demands conclusive proof on the part of the plaintiffs. They have not supplied it, and their demand was properly rejected. The judgment appealed from is, therefore, affirmed.

BREAUX, J., recuses himself, having been of counsel in matter of investigation of the title at the time that Sandoz and others became the owners of the Pierre Petit tract.